United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| ANDY HERRERA,<br><br>    Petitioner,<br><br>    v.<br><br>SEXTON,<br><br>    Respondent. | Case No. 17-cv-05743-LB<br><br>**ORDER TO SHOW CAUSE**<br><br>Re: ECF Nos. 1, 8 |

**INTRODUCTION**

Andy Herrera, a prisoner housed at the California State Prison in Corcoran, filed this *pro se* action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He consented to proceed before a magistrate judge. (ECF No. 7.)[1] His petition is now before the court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. This order requires the respondent to respond to the petition.

**STATEMENT**

Mr. Herrera provides the following information in his petition and attachments thereto: Mr. Herrera was charged with assault with a firearm and being a felon in possession of a firearm, with

---

[1] Record citations refer to material in the Electronic Case File ("ECF"); pinpoint cites are to the ECF-generated page numbers at the top of the documents.

ORDER – No. 17-cv-05743-LB

1  a sentence enhancement allegation that he had personally used a firearm in the commission of the

2  assault. *See* Cal. Penal Code §§ 245(a)(2), 12022.5(a), 29800(a)(1). On April 15, 2015, he pled

3  guilty and was sentenced that day to a total of fourteen years, eight months in prison. His sentence

4  was comprised of four years for the assault, eight months for being a felon in possession of a

5  firearm, and ten years for the firearm enhancement.

6  Mr. Herrera states that he appealed. The California Court of Appeal "denied" his appeal on

7  August 9, 2017. ECF No. 1 at 5. He does not allege that he has filed a petition for review or a

8  petition for writ of habeas corpus in the California Supreme Court.

## ANALYSIS

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

The federal petition for writ of habeas corpus presents two claims. First, petition alleges that the trial court acted in excess of its jurisdiction in imposing a ten-year enhancement for the personal use of a firearm because "personally using a firearm is an element of Penal Code section 245(a)(2)." (ECF No. 1 at 9.) This unauthorized sentence allegedly violated Mr. Herrera's Fourteenth Amendment rights to due process and equal protection. (*Id.* at 8.) Second, the petition alleges that Mr. Herrera's Sixth Amendment right to effective assistance of counsel was violated when defense counsel failed to object to the imposition of the sentence enhancement. Liberally construed, the claims are cognizable in a federal habeas action.

Mr. Herrera also urges that the sentence enhancement and counsel's performance violated his rights under state law. The state law claims are dismissed because "it is only noncompliance with *federal* law that renders a State's criminal judgment susceptible to collateral attack in the federal courts." *Wilson v. Corcoran*, 562 U.S. 1, 5 (2010). The Supreme Court has repeatedly held that federal habeas writ is unavailable for violations of state law or for alleged error in the

interpretation or application of state law. *See Swarthout v. Cooke*, 562 U.S. 216, 220 (2011).

**CONCLUSION**

For the foregoing reasons,

1. The petition warrants a response.

2. The clerk shall serve by mail a copy of this order and the petition upon the respondent and the respondent's attorney, the Attorney General of the State of California. The clerk also shall serve a copy of this order on the petitioner.

3. The clerk also shall serve a copy of the "consent or declination to magistrate judge jurisdiction" form upon the respondent and the respondent's attorney, the Attorney General of the State of California.

4. The respondent must file and serve upon the petitioner, on or before **January 19, 2018**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. The respondent must file with the answer a copy of all portions of the court proceedings that have been previously transcribed and that are relevant to a determination of the issues presented by the petitioner.

5. If the petitioner wishes to respond to the answer, he must do so by filing a traverse with the court and serving it on the respondent on or before **February 16, 2018.**

6. The petitioner is responsible for prosecuting this case. The petitioner must promptly keep the court informed of any change of address and must comply with the court's orders in a timely fashion.

7. The petitioner is cautioned that he must include the case name and case number for this case on the first page of any document he submits to the court for consideration in this case.

8. The petitioner's *in forma pauperis* application is GRANTED (ECF No. 8.)

**IT IS SO ORDERED.**

Dated: November 9, 2017

LAUREL BEELER
United States Magistrate Judge