UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ANDY HERRERA,

         Petitioner,

    v.

MICHAEL SEXTON, Acting Warden,

         Respondent.

Case No. 17-cv-05743-YGR (PR)

**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS**

## I.    INTRODUCTION

Petitioner Andy Herrera, a state prisoner, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Dkt. 1.

Before the Court is Respondent's motion to dismiss the instant petition as untimely under 28 U.S.C. § 2244(d)—the statute of limitations set by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Dkt. 15. Respondent also points out that the petition is unexhausted. *Id.* at 3 fn. 4 (citing *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam); 28 U.S.C. § 2254(b)(1)(A)). However, Respondent requests that the Court "rule on the timeliness question first, as that issue may be dispositive of the entire proceeding." *Id.*

On February 1, 2018, Petitioner filed a one-page response in which he concedes that his claims are unexhausted and requests that the Court hold the petition in abeyance while he exhausts his state judicial remedies. Dkt. 16 at 1. Petitioner also "denies to have failed to comply with AEDPA['s] . . . time limitations," but he does not provide any further explanation. *Id.*

On March 2, 2018, Respondent filed a reply. Dkt. 17.

Having considered all of the papers filed by the parties, the Court GRANTS Respondent's motion to dismiss the petition as untimely.

## II.    BACKGROUND

Petitioner was charged with assault with a firearm and being a felon in possession of a firearm, with a sentence enhancement allegation that he had personally used a firearm in the commission of the assault. *See* Cal. Penal Code §§ 245(a)(2), 12022.5(a), 29800(a)(1); Dkt. 1 at

United States District Court
Northern District of California

7.[1]

On April 15, 2015, Petitioner pleaded no contest to assault with a firearm and possession of a firearm by a felon, and he admitted that he personally used a firearm in the commission of the assault. *See id.*

On the same date, the trial court sentenced him to fourteen years and eight months in state prison. *Id.* at 2, 7-8, 21, 23.

Petitioner did not appeal his conviction, but he sought collateral review.

On April 13, 2017, Petitioner filed a state habeas petition in the Alameda County Superior Court, which was denied on April 24, 2017. *Id.* at 23.

On July 13, 2017, Petitioner filed a state habeas petition in the California Court of Appeal, which was denied on August 9, 2017. *Id.* at 26; Resp't Ex. 1.

There is nothing in the record showing that Petitioner filed a state habeas petition in the California Supreme Court.

On September 13, 2017,[2] Petitioner filed the instant petition. *See* Dkt. 1.

## III.    DISCUSSION

The AEDPA, which became law on April 24, 1996, imposes a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (A) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (B) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (C) the

---

[1] Page number citations refer to those assigned by the Court's electronic case management filing system and not those assigned by the parties.

[2] According to the mailbox rule, a *pro se* federal habeas petition is deemed filed on the date it is delivered to prison authorities for mailing. *See Saffold v. Newland*, 250 F.3d 1262, 1268 (9th Cir. 2001), *vacated and remanded on other grounds*, *Carey v. Saffold*, 536 U.S. 214 (2002) (holding that a federal or state habeas petition is deemed filed on the date the prisoner submits it to prison authorities for filing, rather than on the date it is received by the court). In the proof of service attached to his petition, Petitioner explains that he gave his petition to prison authorities for mailing on September 13, 2017. Dkt. 1 at 19. Therefore, the Court deems the petition filed as of September 13, 2017.

2

1  constitutional right asserted was recognized by the Supreme Court, if the right was newly

2  recognized by the Supreme Court and made retroactive to cases on collateral review; or (D) the

3  factual predicate of the claim could have been discovered through the exercise of due diligence.

4  *See* 28 U.S.C. § 2244(d)(1)(A)-(D).

5      A state prisoner with a conviction finalized after April 24, 1996, such as Petitioner,

6  ordinarily must file his federal habeas petition within one year of the date his process of direct

7  review came to an end.  *See Calderon v. United States District Court (Beeler)*, 128 F.3d 1283,

8  1286 (9th Cir. 1997), *overruled in part on other grounds by Calderon v. United States District*

9  *Court (Kelly)*, 163 F.3d 530 (9th Cir. 1998) (en banc).

10     The one-year period may start running from "the expiration of the time for seeking [direct]

11  review."  28 U.S.C. § 2244(d)(1)(A).  If a petitioner could have sought review by the state court of

12  appeals or the state supreme court, but did not, the limitation period will begin running against

13  him the day after the date on which the time to seek such review expired.  *See* Cal. Rule of Court

14  8.308(a) (providing that appeal from criminal judgment must be filed within sixty days after

15  rendition of judgment or making of order being appealed) (formerly Cal. Rule of Court 31).

16     As a threshold matter, once a petitioner is notified that his petition is subject to dismissal

17  based on the AEDPA's statute of limitations and the record indicates that the petition falls outside

18  the one-year time period, he bears the burden of demonstrating that the limitations period was

19  sufficiently tolled under statutory and/or equitable principles.  *See Smith v. Duncan*, 297 F.3d 809,

20  814 (9th Cir. 2002) *overruled on other grounds by Pace v. DiGuglielmo*, 544 U.S. 408, 418

21  (2005).

22     In the present case, the statute of limitations started running on June 14, 2015, when

23  Petitioner's sentence became final sixty days after April 15, 2015, the date of sentencing.  *See*

24  § 2244(d)(1)(A); Cal. R. Ct. 8.308(a).  Thus, Petitioner had until June 14, 2016 (one year later) to

25  file his federal habeas petition.  Because Petitioner did not file the present petition until September

26  13, 2017—a year and three months after the limitations period expired—the petition is untimely

27  unless he can show that he is entitled to tolling.

28

### A. Statutory tolling

The one-year statute of limitations is tolled under section 2244(d)(2) for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ." 28 U.S.C. § 2244(d)(2). Tolling applies to one full round of collateral review. *Carey v. Saffold*, 536 U.S. 214, 223 (2002).

Here, the record shows that Petitioner sought collateral review in state courts in 2017. However, as mentioned above, the one-year limitations period expired on June 14, 2016. A state habeas petition filed after the AEDPA's statute of limitations ended cannot toll the limitations period. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed," even if the state petition was timely filed). Section 2244(d)(2) cannot "revive" the limitations period once it has run (i.e., restart the clock to zero); it can serve only to pause a clock that has not yet fully run. Once the limitations period expires, "collateral petitions can no longer serve to avoid a statute of limitations." *Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998).

Accordingly, Petitioner's state habeas petitions filed in 2017 do not revive the limitations period that already has run. Because Petitioner did not meet the one-year requirement for filing the instant federal habeas petition and he is not entitled to statutory tolling, his petition is barred as untimely under 28 U.S.C. § 2244(d)(1) unless he can show he is entitled to equitable tolling.

### B. Equitable Tolling

The Supreme Court has determined that AEDPA's statute of limitations is subject to equitable tolling in appropriate cases. *Holland v. Florida*, 560 U.S. 631, 645 (2010). "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999). Equitable tolling, however, is unavailable in most cases, because extensions of time should be granted only if "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Beeler*, 128 F.3d at 1288 (citation and internal quotation marks omitted). The prisoner must show that "the 'extraordinary

circumstances' were the cause of his untimeliness." *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003) (citations omitted). The petitioner bears the burden of showing he is entitled to equitable tolling, and the determination of whether such tolling applies is a fact-specific inquiry. *Id.* Thus, petitioner bears the burden of showing that this "extraordinary exclusion" should apply to him, *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002), and that "the extraordinary circumstances were the cause of his untimeliness . . . and that the extraordinary circumstances made it impossible to file a petition on time," *Ramirez v. Yates*, 571 F.3d 993, 997 (9th Cir. 2009) (internal quotation marks, brackets, and citations omitted).

Here, Petitioner has not alleged that he is entitled to equitable tolling. Thus, nothing currently in the record suggests the possibility of equitable tolling. In his petition, Petitioner alleges no facts from which the Court could infer that his failure to raise his claims prior to the expiration of the limitations period was because of circumstances that were beyond his control and that made it impossible to file a timely federal petition. As mentioned, while Petitioner filed a one-page response to the dispositive motion in which he denies that he failed to comply with AEDPA's time limitations, he does not give any valid explanation. *See* Dkt. 16 at 1. Thus, it was Petitioner's delay in pursuing his state court remedies, rather than extraordinary circumstances, that led him to exceed the limitations period. *See Miranda*, 292 F.3d at 1065. The limitations period will not be equitably tolled.

Accordingly, Respondent's motion to dismiss is GRANTED, and the petition is DISMISSED because it was not timely filed under 28 U.S.C. § 2244(d)(1).

## IV.    CERTIFICATE OF APPEALABILITY

The federal rules governing habeas cases brought by state prisoners have been amended to require a district court that dismisses or denies a habeas petition to grant or deny a certificate of appealability ("COA") in its ruling. *See* Rule 11(a), Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254 (effective December 1, 2009).

For the reasons stated above, Petitioner has not shown "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Accordingly, a COA is DENIED.

## V. CONCLUSION

For the reasons outlined above, the Court orders as follows:

1. Respondent's motion to dismiss the petition as untimely is GRANTED, and this action is DISMISSED with prejudice. Dkt. 15.

2. The Court DENIES as moot Petitioner's request to stay proceedings so that he can exhaust his state judicial remedies. Dkt. 16.

3. A certificate of appealability is DENIED. Petitioner may seek a certificate of appealability from the Ninth Circuit Court of Appeals.

4. The Clerk of the Court shall terminate all pending motions and close the file.

5. This Order terminates Docket Nos. 15 and 16.

IT IS SO ORDERED.

Dated: August 16, 2018

YVONNE GONZALEZ ROGERS
United States District Judge